UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL KERRY POWELL,
Petitioner,

Case No. 1:11-cv-122

vs.

Beckwith, J.
Litkovitz, M.J.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,[1]
Respondent.

REPORT AND
RECOMMENDATION

Petitioner, an inmate who is currently in state custody at the Madison Correctional Institution in London, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed July 22, 2011, and petitioner's response in opposition to the motion. (Docs. 8, 9).

## I. PROCEDURAL HISTORY

### State Conviction And Sentence

On October 22, 2003, the Clermont County, Ohio, grand jury returned an indictment charging petitioner with three counts of rape in violation of Ohio Rev. Code § 2907.01(A)(1)(b); three counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4); and three counts of felonious sexual penetration in violation of Ohio Rev. Code § 2907.12(A)(1)(b),

---

[1] In the original petition, petitioner properly named the Warden of Lebanon Correctional Institution (LeCI) as respondent because petitioner was incarcerated at LeCI at that time. Petitioner has informed the Court that he has since been transferred to the Madison Correctional Institution (MCI) in London, Ohio, and has filed a motion to amend his petition to substitute the Warden of MCI as respondent in this case. (*See* Doc. 7). Petitioner's motion to amend has been granted in a separate Order issued this date.

which was in effect when the charged offenses occurred.[2] (Doc. 8, Ex. 1).

On March 4, 2004, petitioner entered a guilty plea to one of the rape counts (Count 1) and one of the felonious sexual penetration counts (Count 7) in exchange for the dismissal of the remaining charges. (*See* Doc. 8, Ex. 2). A hearing was held the same date, where the trial court accepted petitioner's plea of guilty upon finding that the plea was "knowingly, intelligently, and voluntarily made" and that petitioner "understood the nature of the charges and the full consequences of entering said plea." (*See* Doc. 8, Ex. 3).

A sentencing hearing was held on March 24, 2004. (*See* Doc. 8, Ex. 15). On March 29, 2004, the court issued a "Judgment Entry" sentencing petitioner to consecutive terms of imprisonment totaling fifteen (15) to fifty (50) years, which consisted of an eight (8) to twenty-five (25) year prison term for the rape offense and a seven (7) to twenty-five (25) year prison term for the felonious sexual penetration offense. (Doc. 8, Ex. 4). Respondent states that petitioner did not pursue an appeal from his conviction or sentence in the state courts. (Doc. 8, Brief, p. 2).

## Motion To Withdraw Guilty Plea

On February 19, 2009, nearly five years after the trial court entered the final sentencing entry, petitioner filed a motion to withdraw his guilty plea with the assistance of new counsel. (Doc. 8, Ex. 5). In the motion filed pursuant to Ohio R. Crim. P. 32.1 with the trial court, petitioner contended that (1) his trial counsel provided ineffective assistance by inducing him to enter the guilty plea based on threats and false promises and by failing to pursue a suppression

---

[2]Apparently, Ohio Rev. Code § 2907.12 was repealed in 1996. However, petitioner was charged under that provision because the charged offenses occurred in 1989 through 1993 when the criminal statute was still in effect. (*See* Doc. 8, Ex. 1).

2

motion; and (2) his plea was not voluntarily and intelligently entered because he was "unaware that he had the right to a motion to suppress in this matter" and "proceeded under a false promise as to sentencing." (*See* Doc. 8, Ex. 5, pp. 2-5). On April 6, 2009, the Clermont County Common Pleas Court issued a reasoned decision denying petitioner's motion to withdraw his guilty plea on the merits. (Doc. 8, Ex. 6).

Petitioner's counsel filed a timely appeal on petitioner's behalf to the Ohio Court of Appeals, Twelfth Appellate District, raising the following assignments of error:

1. A plea that is not knowingly, intelligently and voluntarily entered must be vacated.

2. The trial court erred in denying the appellant's motion to withdraw plea since he would not have entered this plea but for the ineffectiveness of counsel.

(Doc. 8, Ex. 8). On December 14, 2009, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (Doc. 8, Ex. 10).

Petitioner's counsel next pursued a timely appeal on petitioner's behalf to the Ohio Supreme Court. (*See* Doc. 8, Exs. 11-12). On April 14, 2010, the Ohio Supreme Court declined jurisdiction to hear the case. (Doc. 8, Ex. 14).

**Federal Habeas Corpus**

The same attorney who represented petitioner in the state-court proceedings on his post-sentence motion to withdraw guilty plea filed the instant habeas corpus petition on petitioner's behalf on February 28, 2011. (*See* Doc. 1). In the petition, petitioner alleges two grounds for relief:

**Ground One:** The petitioner was denied due process of law because[] his plea was unknowing, uni[n]telligent and involuntary.

**Supporting Facts:** The petitioner was not aware that he could file a motion to suppress his statements, that he did not have to take a lie detector test and that threats concerning his family made his plea involuntary. Ohio uses a subjective test to determine if the plea is involuntary[.] The appellate court refused to apply the test in this case depriving the petitioner of due process of law.

**Ground Two:** Petitioner's plea would not have been made but for the ineffective assistance of counsel.

**Supporting Facts:** Petitioner was not informed that he could file a motion to suppress his statements. Petitioner was told he must take a polygraph test. Petitioner was threatened that persons in his family would be brought into these proceedings if he did not plead and a lenient sentence was promised. Petitioner would not have pled except for these circumstances.

(Doc. 1, pp. 6, 8).

Respondent has filed a motion to dismiss the petition. (Doc. 8). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 8, pp. 4-6). Petitioner opposes respondent's motion. (Doc. 9).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 8) SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, as respondent has argued in the motion to dismiss (Doc. 8, Brief, p. 4), petitioner's claims for relief are governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became "final." The provision set forth in § 2244(d)(1)(D) is inapplicable because the alleged constitutional violations occurred during the plea-taking process and were discoverable in the exercise of due diligence before the conclusion of direct review or expiration of time for seeking such review.[3] Moreover, § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply here because petitioner has neither alleged that a state-created impediment prevented him from filing a federal habeas petition nor asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.

---

[3] It is noted that petitioner has alleged in support of his first ground for relief that the Ohio Court of Appeals improperly refused to apply a certain test in considering whether the trial court had erred in denying his motion to withdraw his guilty plea. That particular allegation is based on facts that occurred during the appeal from the trial court's ruling, years after petitioner was convicted and sentenced. However, the argument raises an issue of state-law only, which is not subject to review in this federal habeas proceeding. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *cf. Gibson v. Warden, Hocking Corr. Facility*, No. 1:10cv8, 2011 WL 1429099, at *5-6 (S.D. Ohio Feb. 23, 2011) (Litkovitz, M.J.) (Report & Recommendation) (citing *Dickey v. Warden, Lebanon Corr. Inst.*, No. 1:08cv819, 2010 WL 92510, at *1, *8 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.), as well as numerous other cases, in holding that because a "state defendant has no federal constitutional right, or absolute right under state law, to withdraw a guilty plea," the state court's decision whether to grant or deny a motion to withdraw a guilty plea is a matter of state law and is not subject to federal habeas review), *adopted*, 2011 WL 3861687 (S.D. Ohio Aug. 31, 2011) (Spiegel, J.).

Petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on April 28, 2004, when the 30-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's March 29, 2004 final judgment entry. *See* Ohio R. App. P. 4(A). Petitioner is unable to prevail on any argument that his later-filed unsuccessful motion to withdraw his guilty plea had any impact on the finality determination under 28 U.S.C. § 2244(d)(1)(A) or otherwise served to restart the running of the clock. *See, e.g., Gibson v. Warden, Hocking Corr. Facility*, No. 1:10cv8, 2011 WL 1429099, at *7 (S.D. Ohio Feb. 23, 2011) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2011 WL 3861687 (S.D. Ohio Aug. 31, 2011) (Spiegel, J.); *Dickey v. Warden, Lebanon Corr. Inst.*, No. 1:08cv819, 2010 WL 92510, at *4 & n.2 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.); *Goodballet v. Mack*, 266 F. Supp.2d 702, 707 (N.D. Ohio 2003) (citing *Thompson v. Chandler*, 36 F. App'x 783, 785 (6th Cir. 2002)); *see also Coffey v. Warden, Warren Corr. Inst.*, No. 1:06cv717, 2007 WL 951619, at *1, *3-5 (S.D. Ohio Mar. 28, 2007) (Dlott, J.; Black, M.J.) (holding that the filing of a post-sentence motion to withdraw a guilty plea only serves to toll "the limitations period and does not reset it," and that the "fact that the Ohio courts considered [the] motion . . . on the merits does not change the . . . determination that the federal statute of limitations commenced running when petitioner's conviction became 'final'" six years earlier).[4]

---

[4] The Supreme Court has held that "where a state court *grants* a criminal defendant the right to file an out-of-time appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (emphasis added). *Jimenez* is inapplicable here because petitioner's motion to withdraw his guilty plea was *denied*. *Cf. Wells v. Warden, Lebanon Corr. Inst.*, No. 1:09cv51, 2010 WL 1253499, at *4 n.5 (S.D. Ohio Jan. 28, 2010) (Report & Recommendation) (Hogan, M.J.), *adopted*, 2010 WL 1257897 (S.D. Ohio Mar. 30, 2010) (Dlott, J.); *see also Gonzalez v. Thaler*, 132 S.Ct. 641, 2012 WL 43513, at *9-10 (U.S. January 10, 2012) (No. 10-895) (distinguishing *Jimenez*, where the Court adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").

Therefore, the statute of limitations commenced running in this case on April 29, 2004, a day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on April 29, 2005 absent application of statutory or equitable tolling principles.

During the one-year limitations period commencing on April 29, 2004, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

Here, petitioner filed his motion to withdraw his guilty plea in February 2009, nearly four years after the statute of limitations had expired. As petitioner has argued in his memorandum in opposition to respondent's motion to dismiss (*see* Doc. 9), his post-sentence motion to withdraw his guilty plea was "properly filed" within the meaning of § 2244(d)(2) because, as a matter of Ohio law, there is no deadline for filing such motions. Nevertheless, contrary to petitioner's contention, although "properly filed," the motion could not serve to toll the running of the statute of limitations, because it had long since run its course.

Accordingly, in sum, the undersigned concludes that the instant petition filed on February 28, 2011, nearly six years after the limitations period ended, is time-barred unless petitioner is

7

entitled to equitable tolling. The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied*, 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler*, __ F. App'x __, No. 10-1379, 2012 WL 48186, at *2 n.1 (6th Cir. Jan. 9, 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner waited nearly five years after his conviction and sentence in March 2004 before he took any action to challenge his conviction in the state courts by way of his motion to withdraw his guilty plea filed in February 2009. Moreover, petitioner, who has been assisted by counsel since filing his motion for withdrawal of his plea, did not initiate the instant habeas corpus action until over ten months after

the Ohio Supreme Court issued its final ruling in April 2010 declining jurisdiction to hear an appeal in that matter. Petitioner's lengthy delays in pursuing relief in both the state courts and this federal habeas corpus proceeding conclusively demonstrate that he has not acted with reasonable diligence in pursuing his rights.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner. Petitioner stated in his motion to withdraw his guilty plea that no one informed him of his legal "rights" or that he could move to withdraw his plea; he claimed that he "acted promptly" once he was made aware of his "rights." (*See* Doc. 8, Ex. 5, p. 2). However, petitioner's lack of knowledge of the law does not constitute an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

Accordingly, in sum, the undersigned concludes that the instant petition is time-barred. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations governing petitioner's claims for relief commenced running in April 2004 and expired one year later in April 2005. Neither statutory nor equitable tolling principles apply to extend the limitations period in this case. Therefore, respondent's motion to dismiss (Doc. 8) should be **GRANTED**, and the instant habeas corpus petition (Doc. 1), filed nearly six years after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the sole ground for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/6/12
cbc

Karen L. Litkovitz
United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PAUL KERRY POWELL,
    Petitioner,

vs

WARDEN, MADISON CORRECTIONAL
INSTITUTION,
    Respondent.

Case No. 1:11-cv-122

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).