```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

Paul Kerry Powell,              :    Case No. 1:11-cv-122
                                :
    Petitioner,              :
                                :
vs.                             :
                                :
Warden, Manchester Correctional :
Institution,                    :
                                :
    Respondent.              :

**ORDER**

Before the Court are the Petitioner's objections to the Report and Recommendation of the Magistrate Judge. (Doc. 12) Petitioner objects to the Magistrate Judge's recommendation that his petition be dismissed because it was not timely filed. For the following reasons, the Court agrees with the Magistrate Judge's recommendation.

**FACTUAL BACKGROUND**

Petitioner Powell was indicted on several counts of rape and sexual imposition in Ohio state court. The charges were premised upon his conduct over a four-year period with a young family member. Powell pled guilty to one count of rape and one count of sexual penetration, and the remaining charges were dismissed. (Powell's written plea agreement is Doc. 8, Ex. 2 to the Appendix.) He was sentenced by the Ohio trial court on March 24,

-1-

2004 to an aggregate term of incarceration of 15 to 50 years, consisting of separate consecutive sentences on the two counts to which he pled guilty. Powell was represented by counsel at both his plea and sentencing hearings. The sentencing hearing transcript reflects that the court specifically informed Powell that he had 30 days in which to file a notice of appeal if he desired to do so. (Doc. 8, Ex. 15 at 26-27, CM/ECF PAGEID 195-196)

Powell did not timely file an appeal of his sentence or convictions. Almost five years after he was sentenced, with the assistance of new counsel, he filed a motion in the trial court to withdraw his guilty plea. In an affidavit submitted with his motion, he contended that he was not given Miranda warnings before police detectives interviewed him and before he submitted to a polygraph test. He claimed that the officers threatened him that private family matters would be disclosed and family members forced to testify unless he agreed to cooperate. He claimed that he was scared and felt he had no choice but to plead, and that he did not know at the time that he could move to withdraw his plea. (Doc. 8, Ex. 5) In a written order dated April 6, 2003, the trial court denied his motion to withdraw. The court reviewed a number of evidentiary materials, including the pre-sentence investigation report; Powell's statements to probation officers; audio recordings of the plea and sentencing hearings, which

included Powell's own statements; the plea agreement and the fact that it included protection against further prosecution for rape with life force specifications; several exhibits introduced at the sexual predator classification hearing which included Powell's own statement to the police given September 25, 2003 along with his written Miranda waiver; and Powell's letter of apology to his victim.  After reviewing all of these materials, the court rejected Powell's claim of ineffective assistance of counsel in failing to file a motion to suppress, finding that the written Miranda waivers were valid.  The court also noted that Powell was not under arrest at the time his statement was given, and he voluntarily consented to a polygraph test.  Powell had affirmatively represented to the court at the change of plea hearing that no promises or threats had been made in order to induce him to plead guilty.  The court concluded that Powell had not demonstrated that a manifest injustice occurred, and denied his motion without hearing.  (Doc. 8, Ex. 6)

Powell appealed this order, but the Ohio Court of Appeals affirmed the trial court in its December 14, 2009 opinion.  The court noted that other than his own self-serving affidavit, Powell offered no evidence to support his allegations that he was not given Miranda warnings, or that he was coerced into a polygraph test, and the evidentiary record affirmatively contradicted his claims.  The court also concluded that there was

no evidence that his trial counsel was deficient by not filing a motion to suppress, or that Powell would not have pled guilty if such a motion had been filed.  Combined with Powell's five-year delay in filing his motion, the court of appeals concluded that the trial court did not abuse its discretion in denying Powell's motion.  (Doc. 8, Ex. 10)  On April 14, 2010, the Ohio Supreme Court declined jurisdiction over Powell's appeal.

Powell's habeas petition filed on February 28, 2011 raises two claims for relief.  (Doc. 1)  He claims that his plea was involuntary, and that he was denied due process as a result.  And he claims that he would not have pled guilty but for his trial counsel's ineffective assistance.  Respondent filed a motion to dismiss the petition, arguing that it was untimely under the AEDPA statute of limitations contained in 28 U.S.C. § 2244(d). The Magistrate Judge concluded that the statute began to run when Powell's conviction was "final" on April 28, 2004, for purposes of 28 U.S.C. § 2244(d)(1)(A), as that was when the thirty-day period for filing an appeal of right expired.  The AEDPA statute therefore expired one year later on April 29, 2005.  The Magistrate Judge rejected Powell's contention that his motion to withdraw his guilty plea, which was not filed until February 19, 2009, affected the running of the statute in some fashion.  The Magistrate Judge also rejected the argument that Powell's motion to withdraw his plea was "properly filed" under Ohio law, thus

entitling him to statutory tolling under 28 U.S.C. § 2244(d)(2). Since the AEDPA statute had expired long before Powell filed his motion, even a "properly filed" motion to withdraw would not re-start the one-year limitations period.

In his objections, Powell asserts that under Ohio law, there is no time limit to filing a post-sentencing motion to withdraw a plea. Because his motion was timely under Ohio law, he contends that it was "properly filed" for purposes of Section 2244(d)(2), and his one-year AEDPA limitations period did not start (or perhaps re-start) until his appeal from the denial of that motion was complete. Since he filed his habeas petition within one year of the Ohio Supreme Court's denial, he urges the Court to reject the Magistrate Judge's recommendation.

The structure and text of 28 U.S.C. § 2244(d) belie Powell's arguments. Section 2244(d)(1) includes four dates from which the one-year period is to be calculated; the only one relevant here is (d)(1)(A), the date the judgment became final. Section 2244(d)(2) then provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." A post-conviction or collateral review application cannot toll a period of limitation that has already expired, even if it was "properly filed" under state law. This conclusion is

bolstered by Jimenez v. Quarterman, 555 U.S. 113 (2009), where the petitioner had been granted leave to re-open his direct appeal; the state appellate court then denied his renewed appeal on the merits.  The district court dismissed his federal habeas petition as untimely because it had been filed more than one year after his original appeal became final.  The Supreme Court held that the state court's grant of leave to reopen a direct appeal restored the pendency of his direct appeal, and that the AEDPA one-year limitations period should be measured from the final disposition of that renewed appeal.  The court stressed the narrowness of its holding, however, stating that it would apply only where the state court actually grants the right to reopen a direct appeal.  The court noted that "... the possibility that a state court might reopen direct review does not render convictions and sentences that are no longer subject to direct review nonfinal."  Id. at 120 n.4 (internal citation omitted).

Here, Powell did not even have the hope of a possibility that the state court might grant him post-conviction relief by permitting him to withdraw his plea.  That relief had already been denied to him.  To accept Powell's argument, that any "properly filed" post-conviction motion must be treated as re-setting the AEDPA limitations period, would contravene the terms of the statute and eviscerate the purposes underlying the statute of limitations.

**CONCLUSION**

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that Powell's objections to the Magistrate Judge's Report are not well taken, and are therefore overruled. The Court dismisses Powell's petition for a writ of habeas corpus.

The Court finds that a certificate of appealability should not issue with respect to the petition, because reasonable jurists would not find it debatable whether the claim raised should be resolved in a different fashion, and whether the issue presented in the petition merits further review. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would not be taken in good faith, and denies Powell leave to appeal in forma pauperis. See Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: February 29, 2012	s/Sandra S. Beckwith
	Sandra S. Beckwith
	Senior United States District Judge